IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:21-CR-107 |
| | ) | |
| ERIC ZACHARY MALY | ) | |

**MEMORANDUM ORDER**

Before the court is pro se Defendant Eric Zachary Maly's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 44.) The Government has responded in opposition (Doc. 47), and Maly has replied (Doc. 49). Maly has also filed a motion to seal and "motion to proceed with Defendant's reply to Government's Response to Compassionate Release [] using an electronic signature." (Doc. 48.) For the reasons set forth below, the motion for compassionate release will be denied; the motion to seal will be denied as moot in part and denied on the merits in part; and the motion pertaining to his reply brief will be denied as moot, as the court has considered the reply.

I. BACKGROUND

On June 1, 2021, Maly pleaded guilty to receipt of child pornography in violation 18 U.S.C. § 2252A(a)(2)(A) and (b)(1). (Doc. 22.) On October 12, 2021, Maly was sentenced to 60 months of imprisonment followed by five years of supervised release. (Doc. 26.) He is currently incarcerated at FCI Butner, and his presumptive release date is March 3, 2026. Fed. Bureau of Prisons,

1

Find an Inmate, at https://www.bop.gov/inmateloc. Id. Maly is 37 years old. Id.

Maly moved for compassionate release on October 18, 2023, principally arguing that his medical conditions warrant a reduction in sentence. (Doc. 44.) The Government argues the motion should be denied because Maly has failed to satisfy the exhaustion requirement under 18 U.S.C. § 3582(c)(1)(A). (Doc. 47.)

## II. ANALYSIS

"Federal law has long authorized courts to reduce the sentences of federal prisoners facing extraordinary health conditions," but prior to the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, district courts could grant such reductions only upon a motion by the Director of the Bureau of Prisons ("BOP") pursuant to 18 U.S.C. § 3582(c)(1). United States v. Beck, 425 F. Supp. 3d 573, 577-78 (M.D.N.C. 2019). However, Congress amended section 3582(c)(1) when it passed the First Step Act. Pertinent here, the First Step Act added a provision to section 3582(c)(1) that allows a defendant to bring a motion for compassionate release directly in a district court after either "the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever

2

is earlier." 18 U.S.C. § 3582(c)(1)(A).

Once the exhaustion requirement is met, a defendant must either (1) have "extraordinary and compelling reasons" for a compassionate release or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the public. Id. The defendant bears the burden of establishing that extraordinary and compelling reasons justify his release. See United States v. Newton, 996 F.3d 485, 488 (7th Cir. 2021); see, e.g., United States v. Hargrove, 30 F.4th 189, 195 (4th Cir. 2022). Further, while a court need not address every argument raised by a defendant, it must fully explain its decision in light of the particular circumstances of each case. United States v. Osman, No. 21-7150, 2022 WL 485183, at *2 (4th Cir. Feb. 17, 2022) (per curiam) (unpublished)[1] (citing United States v. High, 997 F.3d 181, 188-89 (4th Cir. 2021)). Additionally, a court, in considering a reduction in sentence pursuant to section 3582(c)(1)(A), must consult the sentencing factors set forth in 18 U.S.C. § 3553(a) and may grant the reduction only if it is "consistent with [the] applicable policy statements" issued by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

---

[1] Unpublished opinions of the Fourth Circuit are not precedential but are cited for their persuasive, but not controlling, authority. See Collins v. Pond Creek Mining Co., 468 F.3d 213, 219 (4th Cir. 2006).

As recently amended,[2] United States Sentencing Guideline section 1B1.13(a) essentially reiterates the requirements of section 3582(c)(1)(A), with the additional requirement that a defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(a)(2); see also Beck, 425 F. Supp. 3d at 578. Section 1B1.13(b) then provides a non-exhaustive list of examples of extraordinary and compelling reasons to grant a compassionate release. The four enumerated reasons are (1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the defendant; and (4) defendant as a victim of abuse. U.S.S.G. § 1B1.13(b). Section 1B1.13(b)(5) then provides a catch-all for "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." Section 1B1.13(b)(6) also provides that a court may consider

---

[2] The U.S. Sentencing Guidelines require the court to use the manual in effect unless doing so would present an ex post facto issue. See U.S.S.G. § 1B1.11(b)(1)-(2) (barring the use of the manual in effect on the date of sentencing if it would violate the ex post facto clause, and requiring application of manual "in its entirety"); United States v. Davis, 99 F.4th 647, 658 (4th Cir. 2024) (suggesting that district court must consider new amendments on remand even though motion was filed before amendments were promulgated); United States v. Curtin, Crim. No. 14-0467, 2023 WL 8258025, at *2 (D. Md. Nov. 29, 2023) (using manual no longer in effect because, in that particular case, the amendments "narrow[] the range of possible extraordinary and compelling reasons"). The court applies the 2023 guidelines here, as the new amendments expand the avenues for relief relevant to Maly's motion. In any event, even if the court utilized the 2021 manual, the outcome would be the same.

a change in the law when determining "whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances." Finally, section 1B1.13(d) states that rehabilitation of the defendant is not alone an extraordinary and compelling reason, but it may be considered along with other circumstances.

Courts maintain broad discretion in the evidence they may consider on a motion to reduce a sentence under the First Step Act. Concepcion v. United States, 142 S. Ct. 2389, 2403-04 (2022). However, courts do not have unfettered jurisdiction or discretion to modify criminal sentences. See United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010) ("The law closely guards the finality of criminal sentences against judicial change of heart.") (internal quotations omitted). A court may modify a sentence only when a provision in the Federal Rules of Criminal Procedure or a statute, such as 18 U.S.C. § 3582(c), expressly permits it to do so. Even then, section 3582(c) is appropriately invoked only in unusual cases, or, as the Fourth Circuit phrases it, the "most grievous cases." McCoy, 981 F.3d at 287; see Osman v. United States, Crim. No. 2:10-cr-57-5, 2023 WL 3765246, at *4 (E.D. Va. June 1, 2023) ("The Senate Judiciary Committee report on the

5

Sentencing Reform Act explained that compassionate release would address 'unusual cases in which an eventual reduction in the length of a term of imprisonment is justified by changed circumstances.'" (citations omitted)). It is not a vehicle for repeated reconsideration of sentences as a way to circumvent the general rule of finality. See Goodwyn, 596 F.3d at 235-36. Nor is it a vehicle to collaterally attack a federal conviction or sentence. United States v. Ferguson, 55 F.4th 262, 270 (4th Cir. 2022).

The Government is correct that Maly filed his motion prior to the expiration of the 30-day period required by 18 U.S.C. § 3582(c)(1)(A), as the motion was filed October 18, 2023, and he requested a sentence reduction from the BOP on September 25, 2023. (Doc. 44 at 21.) Maly contends, however, that the "emergency" motion should be subject to flexibility on the exhaustion requirement. (Id. at 2; Doc. 49 at 2 (citing 28 C.F.R. § 542.18 (requiring BOP to respond to "emergency" petitions within three calendar days)).) While some courts have waived the exhaustion requirement in emergency situations, Maly's motion does not contain allegations warranting waiver. See, e.g., Coleman v. United States, 465 F. Supp. 3d 543, 545-46 (E.D. Va. 2020) (waiving exhaustion due to immediate "catastrophic health consequences" of COVID-19 infection to prisoner). Because the Government objects, it has not waived this requirement, and Maly has therefore failed to exhaust his administrative remedy with the BOP.

6

Even if the court considered Maly's arguments on the merits, a reduction in sentence would not be warranted. Principally, Maly contends that the BOP has not provided adequate medical attention for his conditions. His medical records demonstrate that he has experienced back pain, hypothyroidism, and a broken clavicle due to a fall after jumping to catch a frisbee. (Doc. 45.) Maly contends that BOP has failed to treat his hypothyroidism by not providing blood panels frequently enough and by withholding "constant monitored care of an endocrinologist." (Doc. 44 at 5.)

Maly's medical records, however, demonstrate that the BOP has provided appropriate care for his conditions. (Doc. 45 at 7-9, 27, 85, 88, 92, 106 (documenting care for hypothyroidism to include regular labs, an ultrasound, and daily prescription medication); id. at 1-7 (documenting care for back pain); id. at 27-64 (documenting care for broken clavicle).) Maly has not otherwise indicated that his conditions affect his activities of daily life or that the level of care has adversely affected his health.[3]

---

[3] Maly also states that he has the symptoms of Ehlers-Danlos Syndrome ("EDS") because of his "severe neck, shoulder and back pain," that his mother told him that he "most likely has EDS," and that BOP has not provided genetic testing for it. (Doc. 44 at 5.) It does not appear that this testing has even been denied, let alone that it would be warranted given his symptoms. Mayo Clinic, Ehlers-Danlos Syndrome, at https://www.mayoclinic.org/diseases-conditions/ehlers-danlos-syndrome/symptoms-causes/syc-20362125#:~:text=Ehlers%2DDanlos%20syndrome%20is%20a,underlying%20structures%20in%20your%20body (last accessed May 28, 2024) (listing as symptoms overly flexible joints, stretchy skin, and fragile skin).

7

U.S.S.G. § 1B1.13(b)(1) (outlining requirements for medical conditions as a ground for a sentence reduction). Moreover, even accepting Maly's position that BOP has misclassified his "Medical Care Level" as Level I instead of Level II (Doc. 44 at 5), he has not articulated how this has adversely affected his medical care, nor why any impact on his treatment would amount to extraordinary and compelling circumstances. <u>See</u> Bureau of Prisons, <u>Care Level Classifications for Medical and Mental Health Conditions or Disabilities</u>, at 4-5, https://www.bop.gov/resources/pdfs/care_level_classification_guide.pdf (last accessed May 29, 2024). Accordingly, Maly has not shown that his circumstances, considered individually and cumulatively, justify a sentence reduction.[4]

Even if extraordinary and compelling reasons existed, early release would not be appropriate in this case in light of the § 3553(a) factors. Section 3553(a) requires a court to impose a sentence that is "sufficient, but not greater than necessary" to comply with the statutory purposes of sentencing. 18 U.S.C. § 3553(a). Importantly, the "text of § 3553(a) does not make any factor, or combination of factors, dispositive." <u>Kibble</u>, 992 F.3d at 334-35 (Gregory, C.J., concurring). Thus, the court must

---

[4] Maly also contends that his stature and sexuality put him at risk of abuse. (Doc. 44 at 3-4.) To the extent this is true, the court does not find that it rises to the level of an extraordinary and compelling reason for early release. <u>See</u> U.S.S.G. § 1B1.13(b)(4) (2023) (outlining "Victim of Abuse" grounds for reduction in sentence).

8

consider:

    (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2)    the need for the sentence imposed –

        (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B)    to afford adequate deterrence to criminal conduct;

        (C)    to protect the public from further crimes of the defendant; and

        (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3)    the kinds of sentences available;

    (4)    the kinds of sentence[s] and the sentencing range established for [the applicable offense category as set forth in the guidelines] . . .;

    (5)    any pertinent policy statement . . . by the Sentencing Commission . . .;

    (6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

    (7)    the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Maly's offense conduct is addressed in detail in the pre-sentence report. (Doc. 22.) The scale of his possession, and the consequent large number of victims, makes the nature of the offense of conviction quite serious. Additionally, Maly already benefitted from a significant downward variance at

9

sentencing.  (Doc. 27.)  The court therefore observes that a reduction in sentence would fail to adequately deter Maly from re-offending and fail to achieve the goal of general deterrence. Moreover, granting Maly's motion for compassionate release would fail to adequately reflect the seriousness of the offense of conviction and the need for the sentence to promote respect for the law.

As to Maly's motion to seal, Maly contends that the motion for compassionate release should be considered under seal "because of a well known problem with the mailroom at [Butner]."  (Doc. 48.)  This is no basis to seal proceedings entirely, and the court has sealed Maly's medical records related to this motion as a matter of course.  Accordingly, the motion to seal will be denied as moot as to the medical records and in all other respects will be denied.  As to the motion to proceed with an electronic signature on Maly's reply brief, the court has considered Maly's reply notwithstanding the signature.  Maly's motion as to the signature on his reply brief will therefore be denied as moot.

## III. CONCLUSION

For the reasons stated,

IT IS THEREFORE ORDERED that Maly's motion for compassionate release (Doc. 44) is DENIED.

IT IS FURTHER ORDERED that Maly's motion to seal (Doc. 48) is DENIED AS MOOT as to Maly's medical records and is in all other

10

respects DENIED, and Maly's "motion to proceed with Defendant's reply to Government's Response to Compassionate Release [] using an electronic signature" (Doc. 48) is DENIED AS MOOT.

          /s/    Thomas D. Schroeder
United States District Judge

June 4, 2024